# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ASGAARD FUNDING LLC d.b.a.** | § | |
| **THE AASGAARD COMPANY** | § | |
| | § | |
| **-and-** | § | |
| | § | **Civil Action No. 3:19-cv-01823-B** |
| **THE AASGAARD COMPANY,** | § | |
| **A Texas Partnership,** | § | **JUDGE JANE J. BOYLE** |
| | § | |
| **Plaintiffs,** | § | **(JURY TRIAL DEMANDED)** |
| | § | |
| **vs.** | § | |
| | § | |
| **REYNOLDSSTRONG LLC d.b.a.** | § | |
| **Barbell Logic and Barbell Logic** | § | |
| **Online Coaching,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**AGREED PROTECTIVE ORDER**</u>

This Court, having considered the agreement of the parties regarding this Agreed Protective Order, hereby ORDERS as follows:

**I.**
<u>**INTRODUCTION**</u>

This Order governs the production of documents, depositions, and other information in this proceeding. Discovery and/or settlement negotiations in this proceeding may necessarily involve the production by the parties and other third parties of information that such persons or entities consider to be trade secrets, sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege, the dissemination of which could harm the interests of the persons or entities from which such information is provided. Accordingly, absent written agreement of the parties and any producing third parties, all information produced in this case and designated as either CONFIDENTIAL or LAWYER-CONFIDENTIAL pursuant to the terms of this Agreed

Protective Order shall be used only for the purposes of this litigation, and no other purpose, and shall not be disclosed unless otherwise allowed under this Order.  Each party or third party to whom the disclosure of any Confidential or Lawyer-Confidential information is made shall not, directly or indirectly, use, disclose, or disseminate or attempt to use, disclose or disseminate any of the same except as expressly provided herein.

## II.
## PROTECTION OF CONFIDENTIAL INFORMATION

**A.**   **Designation of Information as "Confidential" or "Lawyer-Confidential."**

Any party to this lawsuit or producing third party may unilaterally designate as CONFIDENTIAL or LAWYER-CONFIDENTIAL any documents or information:

(i)     contained in documents produced pursuant to a request for production of documents under the provisions of the Federal Rules of Civil Procedure or any disclosure requirements;

(ii)    provided in an answer to an interrogatory or contained in a document produced in lieu thereof;

(iii)   produced in response to a subpoena duces tecum;

(iv)    provided by way of testimony;

(v)     presented in any motion, pleading, of brief; or

(vi)    provided during the course of settlement communications or negotiations.

Such designations shall be made:

(i)     at the time any such information or a copy of any such document is provided to the requesting party;

(ii)    prior to or at the time any such document is produced for inspection;

(iii)   in the case of testimony, at the time the testimony is given, or within 14 days after the transcript of such testimony is available;

(iv)    in the case of information presented in a motion, pleading, or brief, at the time when the same is filed; or

(v)    in the case of settlement communications or negotiations, at the time the information or document is provided.

**B.    Effect of "Confidential" Designation.**

All documents or information produced and designated as "CONFIDENTIAL" and all exhibits, tabulations, compilations and worksheets prepared therefrom, shall bear the designation "CONFIDENTIAL" or, in lieu of bearing such designation, shall be provided with an accompanying written communication indicating that such documents and information shall be "CONFIDENTIAL."

All documents and information produced which have been designated "CONFIDENTIAL" shall be disclosed only to Qualified Persons solely for the purpose of this litigation, and shall be used for no other purpose, including any business or competitive purpose.

As used herein, "Qualified Persons" means:

(1) outside counsel representing the parties to this action who have filed appearances and necessary legal, paralegal, and clerical personnel in their employ or associated with them;

(2) outside expert witnesses retained by the parties;

(3) no more than four (4) total representatives from each party.

a.    Except as provided below in part (c) of this section below, inspection and receipt of all such CONFIDENTIAL documents and information shall be limited to Qualified Persons.  All such CONFIDENTIAL documents and information shall be held in confidence by those inspecting or receiving them, shall be used only for purposes of this action, shall not be used for any business or competitive purpose, and shall be disclosed to no one except Qualified Persons.

b.    Any copies of such CONFIDENTIAL documents and transcripts or testimony containing confidential information shall be at all times kept in the possession of the Qualified Persons.

     c.     There shall be no inspection or receipt of CONFIDENTIAL documents or information by persons other than Qualified Persons, except by other written agreement of counsel for the parties, counsel for producing third parties, or by order of the Court.

     d.     In the event of a disclosure compelled by law or by order of the Court, the receiving party shall notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a temporary protective order or confidential treatment of such information until such time as the producing party can be involved and available to protect its interests.

## C.    <u>Effect of "Lawyer-Confidential" Designation</u>.

In certain particularly sensitive areas, the disclosing party may designate documents or materials as "LAWYER-CONFIDENTIAL," and such designated materials shall not be disclosed to or reviewed by anyone other than: the Court; outside counsel representing the parties to this action who have filed appearances, as well as necessary legal, paralegal, and clerical personnel in their employ or associated with them; Matt Reynolds for Defendant ReynoldsStrong LLC, d.b.a. Barbell Logic and Barbell Logic Online Coaching ("Defendant"); and Mark Rippetoe and Stef Bradford for Plaintiffs Asgaard Funding LLC d.b.a. The Aasgaard Company and The Aasgaard Company, A Texas Partnership ("Plaintiffs"). The designated representatives from each party shall execute the ACKNOWLEDGMENT TO BE BOUND BY AGREED PROTECTIVE ORDER attached as **<u>EXHIBIT "A"</u>** hereto.

All documents or information produced and designated as LAWYER-CONFIDENTIAL, and all exhibits, tabulations, compilations, and worksheets prepared therefrom shall bear the designation "LAWYER-CONFIDENTIAL", or, in lieu of bearing such designation, shall be provided with an accompanying written communication indicating that such documents and information shall be "LAWYER-CONFIDENTIAL."

**D.**     **Confidential or Lawyer-Confidential Information Provided to Expert Witnesses.**

Before having access to any CONFIDENTIAL or LAWYER-CONFIDENTIAL information, including deposition testimony, each outside expert witness shall execute the ACKNOWLEDGMENT TO BE BOUND BY AGREED PROTECTIVE ORDER attached as **EXHIBIT "A"** hereto. Such ACKNOWLEDGMENT TO BE BOUND BY AGREED PROTECTIVE ORDER shall then be provided to all counsel of record except in the case of non-discoverable consulting experts. THE ACKNOWLEDGMENT TO BE BOUND BY AGREED PROTECTIVE ORDER executed by the non-discoverable consulting expert shall be maintained by the outside counsel that retained such expert. Only after the ACKNOWLEDGEMENT TO BE BOUND BY AGREED PROTECTIVE ORDER has been provided to all counsel of record, may the CONFIDENTIAL information be disclosed to the outside expert witness.

**E.**     **Handling of Confidential or Lawyer-Confidential Information During the Case.**

Copies of any CONFIDENTIAL or LAWYER-CONFIDENTIAL information or documents and any portions of transcripts or testimony which contain any CONFIDENTIAL or LAWYER-CONFIDENTIAL information shall not be made public or become part of the public record of this action except as otherwise allowable under the terms of this Agreed Protective Order. Any CONFIDENTIAL or LAWYER-CONFIDENTIAL documents or information received in evidence at any hearing (to include depositions) of this action, any portions of any transcript of trial testimony in this action containing any CONFIDENTIAL or LAWYER-CONFIDENTIAL information, and any other CONFIDENTIAL or LAWYER-CONFIDENTIAL materials shall be designated as soon as practicable and kept by the Court and the parties confidential.

1.      **Documents Produced for Inspection Prior to Designation.**

In the event documents are produced for inspection prior to designation, the documents shall be treated as LAWYER-CONFIDENTIAL during inspection. At the time of copying for the receiving parties, CONFIDENTIAL or LAWYER-CONFIDENTIAL information shall be marked prominently CONFIDENTIAL or LAWYER-CONFIDENTIAL by the producing party.

2.      **Consent to Disclosure and Use in Examination.**

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each party designating the information as CONFIDENTIAL or LAWYER-CONFIDENTIAL consents to such disclosure or if the Court, after notice to all affected parties and non-parties, orders such disclosure. Nor shall anything in this order prevent any counsel from utilizing CONFIDENTIAL or LAWYER-CONFIDENTIAL information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the CONFIDENTIAL or LAWYER-CONFIDENTIAL information, irrespective of which party produced such information.

In the event that CONFIDENTIAL or LAWYER-CONFIDENTIAL documents or information is used in open Court, the parties are ordered to work together to ensure that the Courtroom, documents and record are properly sealed. The parties shall work together in good faith to ensure that CONFIDENTIAL or LAWYER-CONFIDENTIAL documents or information used in open Court is properly protected.

3.      **Disclosure at Depositions.**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a non-party  for the purposes of

this deposition may be designated by any party as CONFIDENTIAL OR LAWYER-CONFIDENTIAL by indicating on the record at the deposition that the testimony is CONFIDENTIAL OR LAWYER-CONFIDENTIAL and is subject to the provisions of this Order.

Any party may also designate information disclosed at a deposition as CONFIDENTIAL OR LAWYER-CONFIDENTIAL by notifying all parties in writing not later than fourteen (14) days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as CONFIDENTIAL OR LAWYER-CONFIDENTIAL thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as LAWYER-CONFIDENTIAL for a period of fourteen (14) days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as CONFIDENTIAL or LAWYER-CONFIDENTIAL with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing CONFIDENTIAL or LAWYER-CONFIDENTIAL information shall have page numbers that correspond to the blank pages in the main transcript.

Notwithstanding anything to the contrary in this Protective Order, any witness may review their deposition transcripts containing information designated as CONFIDENTIAL or LAWYER-CONFIDENTIAL for the limited purpose of resolving any errata, provided that the witness execute the ACKNOWLEDGMENT TO BE BOUND BY AGREED PROTECTIVE ORDER attached as EXHIBIT "A" hereto.

Counsel for a party or a non-party witness shall have the right to exclude from depositions any person who is not authorized to receive CONFIDENTIAL or LAWYER-CONFIDENTIAL information pursuant to this Protective Order, but such right of exclusion shall be applicable only

during the period of examination or testimony during which CONFIDENTIAL or LAWYER-CONFIDENTIAL information is being used or discussed.

4.  **Manner of Use in Proceedings.**

In the event a party wishes to use CONFIDENTIAL or LAWYER-CONFIDENTIAL information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the Court.

5.  **Filing Under Seal.**

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as CONFIDENTIAL or LAWYER-CONFIDENTIAL information by any party to this litigation consistent with the sealing requirements of the Court.

6.  **Advice to Clients.**

This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of CONFIDENTIAL or LAWYER-CONFIDENTIAL information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney may only disclose the specific contents of any LAWYER-CONFIDENTIAL information to the designated representatives[1] of each party

---

[1] *i.e.* Matt Reynolds for Defendant, and Mark Rippetoe and Stef Bradford for Plaintiffs.

who has settlement authority.  The designated representatives of each party shall execute the ACKNOWLEDGMENT TO BE BOUND BY AGREED PROTECTIVE ORDER.  The designated representatives of each party agree that they will not duplicate the documents or information marked LAWYER-CONFIDENTIAL which have been disclosed to them.

F.     **Return of Confidential and Lawyer Confidential Information After the Case Ends.**

After termination of this action, whether by trial, appeal, settlement or otherwise, the provisions of this Order with respect to the dissemination of CONFIDENTIAL or LAWYER-CONFIDENTIAL information shall continue to be binding.  Upon final termination of this action, attorneys for each party shall upon request return all CONFIDENTIAL or LAWYER-CONFIDENTIAL documents and information to the party who produced such documents, including any copies, extracts or summaries thereof or documents containing CONFIDENTIAL or LAWYER-CONFIDENTIAL information, but excluding any materials which in the judgment of attorneys in possession of such materials are work product materials, as to which of those attorneys will take all necessary and reasonable steps to ensure the continued protection of the confidential information contained therein.

G.     **No Waiver of Privilege or Discovery Objections.**

Nothing in this Order shall waive any privilege (e.g., attorney-client or work product, etc.) of any party or third party subject to this Order.

Nothing in this Order shall foreclose or limit any party or third parties from opposing the production of any documents, the taking of any testimony, or the discovery of any information on any grounds whatsoever.

**H.**   **No Limit on Right to Seek Relief or Modification of this Order.**

Nothing in this Order shall limit any of the parties or third parties from applying to the Court for relief from this Order, or for such further or additional confidentiality orders as the Court may deem appropriate, or from agreeing between themselves to modification of this Order.  If a party shall apply for relief from this Order on the grounds that information or documents designated CONFIDENTIAL or LAWYER-CONFIDENTIAL are in fact not confidential, the party asserting confidentiality shall have the burden of proving the information or document(s) in question is within the scope of protection afforded by the Federal Rules of Civil Evidence and/or the Federal Rules of Civil Procedure.

A failure of a party to challenge a designation of confidentiality when made shall not be a waiver of that party's right later to assert that the information actually is not confidential.

**I.**   **Errors in Production or Designation.**

If any party or third party inadvertently produces alleged privileged materials and/or fails to properly designate such documents as "CONFIDENTIAL" or "LAWYER CONFIDENTIAL," the party or third party is required within five business days of learning of the error to notify the opposing counsel and seek the return of such documents and/or designate such documents as "CONFIDENTIAL" or "LAWYER CONFIDENTIAL."

In the case where CONFIDENTIAL or LAWYER CONFIDENTIAL information was disclosed without the proper designation, once the producing party informs the receiving party of the error, the claimed CONFIDENTIAL or LAWYER CONFIDENTIAL information shall be treated as confidential retroactively and all materials and any copies shall be retrieved from any person who is not entitled to be in possession of such information as provided herein.

In the case of alleged privileged information, such information shall be returned to the producing party as soon as practicable and the receiving party may not keep any copies of such information.  By returning such documents, the returning party has not waived its right to seek Court intervention to determine whether the documents or information are privileged.

SIGNED on this the _____ day of _____, 2020.


_____
JUDGE PRESIDING

<u>**EXHIBIT "A"**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ASGAARD FUNDING LLC d.b.a.** | § | |
| **THE AASGAARD COMPANY** | § | |
| | § | |
| **-and-** | § | |
| | § | **Civil Action No. 3:19-cv-01823-B** |
| **THE AASGAARD COMPANY,** | § | |
| **A Texas Partnership,** | § | **JUDGE JANE J. BOYLE** |
| | § | |
| **Plaintiffs,** | § | **(JURY TRIAL DEMANDED)** |
| | § | |
| **vs.** | § | |
| | § | |
| **REYNOLDSSTRONG LLC d.b.a.** | § | |
| **Barbell Logic and Barbell Logic** | § | |
| **Online Coaching,** | § | |
| | § | |
| **Defendant.** | § | |

**ACKNOWLEDGMENT TO BE BOUND BY**
<u>**AGREED PROTECTIVE ORDER**</u>


I, _____, have read the attached Agreed Protective Order and agree to be bound by all provisions contained in the Order. I consent to the jurisdiction of the Court in the event that I fail to comply with the Order.


_____
Signature


_____
Printed Name


_____
Date